UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Per Anders Erik Thorsell,<br><br>Petitioner,<br><br>v.<br><br>Madeleine Berner Thorsell,<br><br>Respondent. | Case No. 15-cv-1587 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Nancy Zalusky Berg, Walling Berg & Debele, PA, 121 South 8th Street, Suite 1100, Minneapolis, MN 55402, for Petitioner.

Madeleine Berner Thorsell, 649 Old Hwy 8, Apt 416, New Brighton, MN 55112; Daniel R. Burgess, Robins Kaplan LLP, 800 LaSalle Ave, Suite 2800, Minneapolis, MN 55402-2015, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court upon Petitioner's Verified Petition for Return of Minor Child and Petition for Immediate Issuance of Show Cause Order [Doc. No. 1].

**I.     BACKGROUND**

On March 25, 2015, Petitioner Per Anders Erik Thorsell filed a petition against Respondent Madeleine Berner Thorsell pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, 19 I.L.M. 1501 (1980), and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.*, alleging that Respondent has been wrongfully retaining the children in the State of Minnesota.  In this petition, Mr. Thorsell contends that the Children are citizens and habitual residents of Sweden within

the meaning of Article 3 of the Convention and ultimately seeks relief from the Court directing the prompt return of the children to Sweden.  Respondent Madeleine Berner Thorsell and the Children are currently residing in Minnesota.

On March 27, 2015, Petitioner filed an Ex Parte Motion for Hearing and Request for Temporary Restraining Order [Doc. No. 7].  The Court granted Mr. Thorsell's motion and ordered Mrs. Thorsell to immediately surrender her passport, and her children's passports.  (<u>See</u> 3/27/15 Order at 2 [Doc. No. 9].)  On April 1, 2015, the Court held a hearing at which all parties appeared.[1]  At the hearing, the parties expressed their willingness to work together to resolve any underlying issues.  These issues included: (1) when Respondent and the children would return to Sweden; (2) which city Petitioner, Respondent, and the children would live in; (3) the custody arrangement for the children; (4) which school(s) the children would attend; and (5) the precise residence in which Respondent and the children would live.  In order to help resolve disagreements between Petitioner and Respondent, the Court facilitated discussions between the parties in the weeks following the April 1, 2015 hearing.

## II.     CASE STATUS

By May 21, 2015, both parties had informed the Court, via email, of the most recent updates in this matter. Based on the latest correspondence, the Court understands that the parties have agreed to reside in Gothenburg, Sweden.  The parties have also agreed that Mrs. Thorsell and the parties' three children will fly to Gothenburg, Sweden the week of June 8, 2015.  The Court presumes that the airline tickets for all four

---

[1]     Mr. Thorsell appeared by video, as he remained in Sweden.

passengers have been purchased.

Based on Petitioner's most recent update to the Court, the Court understands that Mr. Thorsell has purchased a home for Mrs. Thorsell and the children to live in upon their arrival to Gothenburg. The house will be available for occupancy on June 4, 2015. Mr. Thorsell has agreed to pay for the cost of this home for one full calendar year. At the conclusion of that year, in June 2016, the parties will determine whether Mrs. Thorsell will purchase the home from Mr. Thorsell, or whether Mrs. Thorsell will obtain different living arrangements. The parties have also agreed to enroll their eldest child in the International School for the Gothenburg Region for the fall 2015 semester. Finally, the parties have also agreed upon a summer 2015 custody arrangement for the children.

The Court finds that these agreements render Mr. Thorsell's Petition [Doc. No. 1] moot. Accordingly, the Court orders the parties to reduce the arrangements detailed above to writing, and submit this written agreement to the Court by May 28, 2015. However, the Court notes that it seeks clarification from the parties about one specific issue. Respondent informed the Court on May 20, 2015, via email, that Mr. Thorsell allegedly told an officer of the Swedish family court, during an interview on April 28, 2015, that he believed Mrs. Thorsell and the children should be returned to Marstrand, Sweden. Given that the parties have informed that Court that they intend to reside in Gothenburg, Mr. Thorsell has purchased a home in Gothenburg for Mrs. Thorsell and the children, and the parties' eldest child is enrolled in school for the fall 2015 semester in Gotheburg, the Court is unclear why Mr. Thorsell would have stated that his preference is for Mrs. Thorsell and the children to move to Marstrand. Thus, the parties must clarify

this inconsistency in the record.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Verified Petition for Return of Minor Child and Petition for Immediate Issuance of Show Cause Order [Doc. No. 1] is **DENIED, as moot**;

2. Petitioner must withdraw the pending Verified Petition for Return of Minor Child and Petition for Immediate Issuance of Show Cause Order [Doc. No. 1] by May 28, 2015;

3. The parties must reduce to writing their agreement pertaining to all of the issues the Court discussed above, and they must submit this written agreement to the Court by May 28, 2015; and

4. If the parties are unable to reduce to writing their agreement, the parties are ordered to appear before the Court for a hearing on Friday, May 29, 2015 at 1:30 pm in Courtroom 7B, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota.

Dated: May 22, 2015           s/Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States District Judge